UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ALICIA GRANT**, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**DLH CORPORATION**<br><br>Defendant. | Case No. 3:25-cv-03430 |

## CLASS ACTION COMPLAINT

Alicia Grant ("Plaintiff") individually and on behalf of those similarly situated former employees as defined herein, brings this suit against DLH Corporation. ("Defendant"), by way of this Class Action Complaint, alleging as follows:

## NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff on her own behalf and on behalf of the other similarly situated persons against Defendant, their employer for WARN Act purposes.

3. Defendant is a Texas Corporation with a principal place of business at 2962 S. Longhorn Dr. Lancaster, TX 75146.

4. Upon information and belief, Defendant abruptly terminated at least 298 employees, including Plaintiff, unilaterally and without proper notice to employees or staff.

5. Plaintiff was terminated from a worksite located in Lancaster, Texas on or around November 29, 2025, as part of a mass layoff without proper notice.

6. Plaintiff brings this action on behalf of herself and other similarly situated former employees who worked for Defendant and were terminated as part of the foreseeable mass lay off or plant closing ordered by Defendant on or around November 29, 2025 and within 90 days of that date and who were not provided 60 days' advance written notice of their terminations by Defendant, as required by the WARN Act.

7. Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act.

8. Defendant did not provide proper WARN Act Notice, 60 days' in advance, as required by 29 U.S.C. §§ 2101 et seq. even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed at the Facilities.

9. Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period as provided in 29 U.S.C. § 2102(b).

10. The Defendant failed to provide its affected employees who were temporarily or permanently terminated on or around November 29, 2025, with proper WARN Act Notices and other benefits,

11. Defendant acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the WARN Act.

12. Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

14. Venue is proper in the Dallas Division of the Northern District of Texas pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

15. At all times herein relevant, the Representative Plaintiff was and is a member of the Nationwide class (as defined below)

16. Plaintiff Alicia Grant is a resident of Texas. Plaintiff was employed, full time, by Defendant for over two years at the time of termination. Plaintiff worked at the facility in Lancaster, Texas and she is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). She was terminated without cause and did not receive 60 days' notice of termination.

17. Upon information and belief, Defendant conducted business in this district and, at all relevant times, operated the facility in Lancaster, Texas where Plaintiff and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

18. Defendant made the decision to terminate employees, including Plaintiff and those other similarly situated former employees, without 60 days' advance notice, terminating over 100 employees and 33% of the workforce.

## FACTS

19. Defendant sent notices of termination on November 7, 2025.

20. Plaintiff did not have knowledge of the termination until November 21, 2025.

21. The notice did not provide Plaintiff the 60 days of notice to which she is entitled under the WARN Act.

22. Defendant did not provide proper WARN Act Notice, 60 days' in advance, as required by 29 U.S.C. §§ 2101 et seq. even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed there.

23. Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period as provided in 29 U.S.C. § 2102(b).

24. By failing to provide its affected employees who were temporarily or permanently terminated on or around November 29, 2025, with proper WARN Act Notices and other benefits, Defendant acted willfully and cannot establish that they had any reasonable grounds or basis for believing its actions were not in violation of the WARN Act.

**CLASS ACTION ALLEGATIONS**

25. Plaintiff brings her WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of November 29, 2025.

26. Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied.

a. The putative class includes, upon information and belief, has over 50 class members, and, as such, is so numerous that joinder of all class members is impracticable, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendant provided adequate notice of its mass layoff under the

WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

c. Plaintiff is a member of the class and brings claims typical of the claims of other class members. Plaintiff has no interest that is antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

d. Plaintiff will fairly and adequately represent the class and its interests. Moreover, Plaintiff retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

27. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

28. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the class as a whole.

29. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question

affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

**<u>COUNT I</u>**

**VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq*.**

**(WARN Act)**

**(*On behalf of Plaintiffs and the putative class*)** Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

30. Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

31. Plaintiff and the putative class were at all relevant times an "affected employee" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

32. The November 29, 2025, terminations resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees. The ongoing terminations, occurring within any 90-day period, may be aggregated. 29 U.S.C. § 2102(d).

33. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

34. On information and belief, Defendant did not give 60 days' written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and

those she seeks to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendant give proper written, 60 day, notice to the Texas Workforce Commission or to the chief elected official of the local government within which the mass layoff was ordered.

35. Defendant violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about November 3. 2025.

36. As such, Plaintiff and those she seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

37. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. See 29 U.S.C. § 2104(5).

38. Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiffs as a representative of the Class and counsel of record as Class Counsel.

2. A declaration that Defendant violated the WARN Act;

3. A judgment against Defendant and in favor of Plaintiff and those she seeks to represent for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4. A judgment against Defendant and in favor of Plaintiff and those she seeks to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and those she seeks to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5. A finding that Defendant's violations of the WARN Act were and are willful, not in good faith, and that Defendant has no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6. A judgment against Defendant and in favor of Plaintiff and those she seeks to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendant for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

8. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

Dated: December 15, 2025

Respectfully submitted,

*/s/ Joe Kendall*

JOE KENDALL
Texas Bar No. 11260700
**KENDALL LAW GROUP, PLLC**
3811Turtle Creek Blvd., Suite 825
Dallas, Texas 75219
214-744-3000 / 214-744-3015 (Facsimile)
jkendall@kendalllawgroup.com

J. Gerard Stranch, IV*
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com

Lynn A. Toops*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Tel: 872-263-1100
sam@straussborrelli.com
raina@straussborrelli.com

**pro hac vice* forthcoming

*Attorneys for Plaintiff*